NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FADHIL ABBOOD ALTAMEEMI,

Petitioner,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 25-1673

Agency No.
A204-316-433

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 1, 2025[**]
San Francisco, California

Before: R. NELSON, COLLINS, and VANDYKE, Circuit Judges.

Petitioner Fadhil Abbood Altameemi ("Altameemi"), a native and citizen of

Iraq, seeks review of the Board of Immigration Appeals's ("BIA") dismissal of his

appeal from an Immigration Judge's ("IJ") decision ordering his removal to Iraq.

---

[*] This disposition is not appropriate for publication and is not precedent except as
provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral
argument. *See* Fed. R. App. P. 34(a)(2).

We have jurisdiction to review the BIA's final order of removal under 8 U.S.C. § 1252 and deny the petition for review.

1. The agency did not abuse its discretion by denying Altameemi's request to remand his case to the IJ for further consideration in light of *Matter of M-A-M-*, 25 I. & N. Dec. 474, 477 (BIA 2011). "[A]n alien is presumed to be competent to participate in removal proceedings" and "[a]bsent indicia of mental incompetency, an Immigration Judge is under no obligation to analyze an alien's competency." *Id.* "[A]n alien is competent to participate in immigration proceedings" if he "has a rational and factual understanding of the nature and object of the proceedings, can consult with the attorney or representative if there is one, and has a reasonable opportunity to examine and present evidence and cross-examine witnesses." *Id.* at 479.

Here, the BIA thoroughly evaluated the record, noting that the "respondent's attorney indicated that she did not have any concerns about [Altameemi's] competency" and that Altameemi told the IJ that he had not taken any medications on that day and was "quite able to continue with no effect on [him]" from the medications. The BIA observed that "the record indicates that [Altameemi] had difficulties communicating with his counsel as a result of a language barrier between the parties, but does not otherwise indicate that he could not communicate and consult with an attorney with the assistance of a proficient translator." The BIA

further observed that "the record does not indicate that [Altameemi] had an inability to answer questions, had a high level of distraction, or an inability to stay on topic." And the BIA correctly concluded that a poor memory, standing alone does not constitute incompetency. The BIA did not abuse its discretion by concluding that the IJ's inquiry into Altameemi's competency was sufficient under *Matter of M-A-M-*.

2. Altameemi failed to exhaust before the agency his remaining contentions concerning ineffective assistance of counsel, asylum eligibility, withholding of removal, CAT protection, humanitarian asylum, and voluntary departure. Specifically, he failed in the BIA to otherwise challenge the IJ's alternative bases for denial of asylum, withholding of removal, and CAT protection. And Altameemi never raised his claims for ineffective assistance of counsel, humanitarian asylum, and voluntary departure before the agency. This court "may review a final order of removal only if … the alien has exhausted all administrative remedies available to the alien as of right." 8 U.S.C. § 1252(d)(1); *see also Santos-Zacaria v. Garland*, 598 U.S. 411, 416–23 (2023) (holding that 8 U.S.C. § 1252(d)(1)'s exhaustion requirement is not jurisdictional but is a mandatory rule if raised by the government). Altameemi's failure to exhaust these issues before the agency bars our review.

**PETITION DENIED.**